UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Royston Joshua Karl Osbourne,

               Petitioner

v.

Todd Blanche, et al.,[1]

               Respondents

Case No. 2:26-cv-01267-CDS-MDC

**Service and
Appointment Order**

[ECF No. 1-1]

      Petitioner Royston Joshua Karl Osbourne, an immigration detainee who is challenging the lawfulness of his federal detention at Henderson Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241. ECF No. 1-1. In the petition, Osbourne advises he has been ordered removed. But without more, I cannot determine under what statutory authority the petitioner is detained, what authority he is challenging, or what constitutional claims he may have. So I defer ruling on the petition. However, I find that sua sponte appointment of counsel is in the interests of justice due to the potential complexities of this case and to permit counsel to file an amended petition if warranted.[2] I also direct that the petition be served on the United States Attorney's Office for the District of Nevada (USAO).

      It is therefore ordered that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) by May 4, 2026. If the FPD is unable to represent the

---

[1] Though the petitioner does not expressly name any respondents, upon review of the petition, the court construes them to be Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, Acting U.S. Attorney General.

[2] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases.

petitioner, alternate counsel will be appointed. Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. If the FPD files a notice of appearance in this matter, it (1) will then have 14 days to file either an amended petition or a motion to dismiss the petition, (2) must effectuate service of the amended petition, if one is filed, on the respondents, and (3) must file a motion for leave to proceed *in forma pauperis* on the petitioner's behalf.

It is further kindly ordered that the Clerk of Court:

1. **FILE** the petition (ECF No. 1-1). The petition (ECF No. 1-1) is deferred.

2. **ADD** the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243. The USAO is not required to file a response to the petition at this time.

3. **SEND** a copy of the petition (ECF No. 1-1) and this order to the Federal Public Defender at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division.

4. **MAIL** a copy of the petition (ECF No. 1-1) and this order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Todd Lyons, Acting Director of the U.S. Immigration and Customs Enforcement, 500 12th Street, SW, Washington, DC 20536; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528; and Todd Blanche, Acting U.S. Attorney General, 950 Pennsylvania Avenue, NW, Washington, DC, 20530.

It is further ordered that the respondents must not transfer the petitioner out of this District, with the exception of effectuating the petitioner's lawful deportation,[3] until further order of the Court. In the event of lawful deportation, the respondents' counsel must file a notice with the Court within 5 days of removal.

Dated: April 27, 2026

Cristina D. Silva
United States District Judge

---

[3] See F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").